**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Anita Kennedy, | : | Case No. 3:06CV2153 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

Defendant seeks review, pursuant to FED. R. CIV. P. 59(e), of this Court's Judgment Entry reversing and remanding the Commissioner's decision (Docket Nos. 17 & 18). Pending is Defendant's unopposed Motion to Alter or Amend (Docket No. 19). For the reasons set forth below, the Magistrate grants the Motion to Alter or Amend.

**PROCEDURAL BACKGROUND**

Plaintiff filed applications on October 17, 2000, and March 6, 2002 (Tr. 55-57, 58-60). The applications were denied initially (Tr. 38-41). Once the applications were denied, Plaintiff failed to pursue further administrative relief. On July11, 2003, Plaintiff filed applications for DIB and SSI alleging that she had been disabled since October 30, 2002 (Tr. 61-63, 455-456). These applications were denied initially and on reconsideration (Tr. 42-50, 464-466). Plaintiff requested a hearing, *de novo*, before an Administrative Law Judge (ALJ) (Tr. 51). At the administrative hearing on November 1, 2005,

Plaintiff, represented by counsel, and Vocational Expert (VE) Mark Anderson appeared and testified before ALJ Mark Carissimi (Tr. 468).  On July 28, 2006, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner (Tr. 6-8).  Plaintiff filed a timely action in this Court seeking judicial review of the Commissioner's unfavorable decision.

This Court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U. S. C. § 405(g).  Defendant filed a Motion to Alter or Amend Judgment.

## MOTION TO ALTER OR AMEND UNDER RULE 59 (e) STANDARD OF REVIEW

Rule 59(e) provides that a party may move a court to alter or amend its judgment within ten days after the entry of the judgment.  FED. R. CIV. P. 59(e).  A district court may grant a Rule 59(e) motion only if there is a "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Hernandez v. Wilkinson,* 2007 WL 128910, 2 (N. D. Ohio 2007) (*citing Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)).  Such a motion is extraordinary and sparingly granted.  *Id.* (*citing Plaskon Electrical Materials, Incorporated v. Allied-Signal, Incorporated,* 904 F. Supp. 644, 669 (N. D. Ohio 1995)).  Parties may not use Rule 59(e) to re-argue issues previously presented or initiate new legal theories.  *Id.* (*citing Sault Saint Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)).

## DISCUSSION

Defendant contends that the Magistrate erred in applying the principles established in *Webb v. Commissioner of Social Security,* 368 F. 3d 629, 632 (6th Cir. 2004).  The Magistrate concedes that the panel of the Sixth Circuit Court that determined *Webb* reiterated that the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of his or her residual functional capacity.  *Id.* at 633 (*citing* 20 C.F.R. § 416.920(a)(4)(iv)).  The VE testifies

on the basis of a claimant's "residual functional capacity and . . . age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." *Id.* (*citing* 20 C.F.R. § 416.920(a)(4)(v)). The VE's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she "can and cannot do," there exist a significant number of employment opportunities for her in the regional and national economies. *Id.* The VE is not expected to evaluate the claimant's medical conditions in making this determination. *Id.* Indeed, VEs are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise. *Id.*

Here, the case was remanded to the Commissioner so that the VE could consider Plaintiff's physical and mental impairments. Defendant's argument is correct, and clear error occurred in the application of the law. The VE was not required to consider Plaintiff's impairments or medical conditions but her residual functional capacity, age, education and work experience in assessing if she could make an adjustment to other work. The hypothetical questions posed to the VE were appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Alter or Amend (Docket No. 19) is granted, the Memorandum Decision and Order/Judgment Entry reversing and remanding this case to the Commissioner is amended to affirm the Commissioner's decision (Docket Nos. 17 & 18) and Plaintiff's complaint is dismissed.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: April 22, 2008

3

Case: 3:06-cv-02153-VKA Doc #: 20 Filed: 04/22/08 4 of 4. PageID #: 96